**McCARTER & ENGLISH, LLP**
MICHAEL R. FRISCIA
IRENE HURTADO
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone:    (973) 622-4444
Facsimile:    (973) 624-7070
E-mail:mfriscia@mccarter.com

Attorneys for Plaintiff
NEW GENERATION DEVICES, INC.

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NEW GENERATION DEVICES, INC.<br><br>            Plaintiff,<br>    v.<br><br>VETERINARY ORTHOPEDIC IMPLANTS, INC., a corporation, and CLAUDE GENDREAU, an individual,<br><br>            Defendants. | **Civil Action No.:**<br><br>**COMPLAINT , LOCAL CIV. R. 11.2 CERTIFICATION AND DEMAND FOR JURY TRIAL** |

        Plaintiff, New Generation Devices, Inc. ("Plaintiff" or "NGD"), with its principal place of business located at 65 Harristown Road, Glen Rock, New Jersey 07452, by its attorneys, for its Complaint against Veterinary Orthopedic Implants, Inc. ("VOI"), a corporation with its principal place of business located at 310 Commerce Lake Drive - Unit 107, St. Augustine, Florida 32095, and Claude Gendreau ("Mr. Gendreau"), an individual with an address of 495 Sherry Lane, Riverwoods, Illinois 60015, alleges as follows:

### THE PARTIES

        1.    Plaintiff NGD is a corporation organized and existing under the laws of New Jersey, having its principal place of business at 65 Harristown Rd., Glen Rock, NJ 07452.

ME1 27828844v.2

2.      NGD is a manufacturer and supplier of veterinary orthopedic products throughout the United States, including in the District of New Jersey.

3.      Upon information and belief, defendant VOI is a corporation organized and existing under the laws of Florida, having its principal place of business at 310 Commerce Lake Drive - Unit 107, St. Augustine, FL 32095.

4.      Upon information and belief, VOI is a supplier of veterinary implants that VOI ships, distributes, sells, and/or offers for sale throughout the United States, including in the District of New Jersey.

5.      Upon information and belief, Mr. Gendreau is an individual whose last known address is 495 Sherry Ln., Riverwoods, Illinois, 60015.

6.      Upon information and belief, Mr. Gendreau owns and controls VOI.  Mr. Gendreau and VOI are referred to collectively herein as "Defendants."

## JURISDICTION AND VENUE

7.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* and for trade dress infringement under 15 U.S.C. §§ 1051 *et seq;* and for unfair competition under 15 U.S.C. §§ 1051 *et seq.*  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over NGD's claims that arise under the laws of the State of New Jersey.

8.      This Court has personal jurisdiction over VOI because VOI conducts business and has committed acts of trade dress infringement, unfair competition, patent infringement, and/or has contributed to or induced acts of patent infringement by others in the State of New Jersey (as well as elsewhere in the United States).  This Court also has personal jurisdiction over VOI by reason of the Consent Permanent Injunction, entered into by Defendants on March 6, 2009, and

entered by the Court on March 9, 2009, and the express terms of a Settlement Agreement entered into by and between NGD and the Defendants.

9.      Mr. Gendreau is subject to personal jurisdiction in this judicial district by virtue of, *inter alia*, his presence through his control of defendant VOI.  This Court also has personal jurisdiction over VOI by reason of the Consent Permanent Injunction, entered into by Defendants on March 6, 2009, and entered by the Court on March 9, 2009 and the express terms of a Settlement Agreement entered into by and between NGD and the Defendants.

10.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## NGD'S PATENT IN SUIT

11.      On February 6, 2007, the United States Patent and Trademark Office ("PTO") issued US Patent No. D536,453 (the "'453 Patent"), entitled "Bone Plate" to the inventors, Robert A. Young, Patrick M. White and Michael Khowaylo.  A copy of the '453 Patent is attached as **Exhibit A**.

12.      NGD is the owner of all right, title and interest in the '453 Patent by assignment, including the right to recover for past infringement.

13.      The '453 Patent claims "[t]he ornamental design for a bone plate," which is shown and described in the '453 Patent.

## NGD'S TRADE DRESS

14.      NGD has been designing, manufacturing, promoting and selling tibial plateau leveling osteotomy plates ("TPLO Plates") to veterinarians across the country at least as early as 2004.

15.      NGD's TPLO Plates have a distinctive design and appearance.  NGD's TPLO Plates comprise a metal plate having a body with a generally triangular head having an upper surface that extends from the body at approximately a 45 degree angle in some cases, and having

3

an upper surface that extends from the body at approximately a 90 degree angle in another case, the body having elongated apertures positioned directly above and below the osteotomy site, and multiple round apertures positioned below the lower elongated aperture and longitudinally aligned on the body of the plate (the "Trade Dress").  A copy of promotional material depicting the TPLO Plates bearing the Trade Dress is attached hereto as **Exhibit B**.

16.     NGD's Trade Dress is non-functional.  None of the components of the Trade Dress or the Trade Dress as a whole are essential to the TPLO Plates' use, and the cost or quality of the Trade Dress is not affected to any significant degree by the use of the Trade Dress or its components.  The shape of the plate and the alignment and positioning of the apertures gives NGD's TPLO Plates a sleek, elegant design.  The Trade Dress is a means to indicate NGD as the source of the TPLO Plates.

17.     NGD has achieved a high level of commercial success in selling the TPLO Plates with its distinctive Trade Dress, and has built a valuable reputation and substantial goodwill.  For example, NGD has sold more than 250,000 TPLO Plates since 2004.  During that time, NGD has grossed vast amounts in sales of the TPLO Plates.

18.     NGD has spent considerable amounts of money promoting and marketing the TPLO Plates with its distinctive Trade Dress, including in national trade journals and during trade shows.

## THE PRIOR LAWSUIT, SETTLEMENT AGREEMENT AND CONSENT PERMANENT INJUNCTION

19.     On July 10, 2007, NGD filed a lawsuit against Defendants in the United States District Court for the District of New Jersey, styled as *New Generation Devices, Inc. v. Veterinary Orthopedic Implants, Inc. and Claude Gendreau*, and assigned Civil Action No.07-3197 (SRC) (the "Prior Lawsuit").

20.     In the Prior Lawsuit, NGD sued Defendants for infringement of the '453 Patent, as well as trade dress infringement and unfair competition under the Lanham Act, based upon Defendants' intentional copying, manufacture, distribution, sale and promotion of plates that were identical and/or confusingly similar to NGD's TPLO Plates.

21.     NGD and Defendants entered into a confidential Settlement Agreement, effective as of November 24, 2008, resolving the Prior Lawsuit (the "Settlement Agreement").  A redacted copy of the Settlement Agreement is attached hereto as **Exhibit C**.

22.     In the Settlement Agreement, VOI agreed to  "cease all reference and use of the phrase 'N Style' and the designation 'N' in connection with any of [VOI's] products, and . . . refrain from use of any similar designations that suggest an affiliation with NGD, in any material, including, but not limited to, on or in [VOI's] website, catalog, sales and advertising materials, trade exhibits and clinical evaluations, clinical papers and white papers."  (Exhibit C, ¶¶ 2.1 and 2.2).

23.     Defendants also agreed in the Settlement Agreement to enter into a Consent Permanent Injunction, ultimately entered by the Court on March 9, 2009 and attached hereto as **Exhibit D**, which memorialized Defendants' obligations under the Settlement Agreement. (Exhibit C, ¶ 2.6).

24.      The Settlement Agreement provides that if a dispute arises concerning the Settlement Agreement, the prevailing party "shall be entitled to an award of reasonable attorneys' fees and costs incurred in connection with the prevailing party's efforts to enforce" the Settlement Agreement.  (Exhibit C, ¶ 2.10).

25.     The Settlement Agreement provides that "[n]othing in this Settlement Agreement shall be interpreted as implied or express consent, acquiescence, or authorization from NGD to Defendants concerning any other products made, used or sold by Defendants which are not specifically addressed" in the Settlement Agreement.

### DEFENDANTS' CURRENT CONDUCT

26.     NGD has discovered that VOI, upon information and belief, is manufacturing, distributing, offering for sale, selling and/or promoting plates that infringe the '453 Patent and the Trade Dress and/or violate the terms of the Consent Permanent Injunction and are in violation of the terms of the Settlement Agreement.  Excerpts from VOI's website and its "New Jersey Style Implants" catalogue depicting its infringing products are attached hereto as **Exhibit E**.

27.     Upon information and belief and based on documents found on Defendants' website, at a minimum, VOI's plates offered under the following codes, and depicted in Exhibit E hereto, infringe the '453 Patent either literally or under the doctrine of equivalents: (a) L ST 2.4 DLKC, with a length of 38 mm, a width of 6.4 mm, and a thickness of 2.4 mm; (b) L ST 2.7 L and L ST 2.7 R,  both with a length of 42 mm, a width of 8.2 mm, and a thickness of 3.0 mm; (c) L ST 3.5  L and L ST 3. 5 R, both with a length of 63.5 mm, a width of 10.0  mm, and a thickness of 3.5 mm; (d)  L ST 3.5 Jumbo L and L ST 3.5 Jumbo R, both with a length of 100 mm, a width of 16.5 mm, and a thickness of 4.0 mm; (e) L ST 3.5 Mini DKLC L and L ST 3.5 Mini DKLC R, and LS ST 3.5 Mini DKLC L and LS ST 3.5 Mini DKLC R, all  with a length of 55mm, a width of 9.5 mm, and a thickness of 3.5 mm; (f) L ST 3.5 Mini DKLC L and L ST 3.5 Mini DKLC R, and LS ST 3.5 Mini DKLC L and LS ST 3.5 Mini DKLC R, all with a length of 64 mm, a width of 10.0 mm, and a thickness of 4.0 mm; and (g) L ST 3.5B DKLC L and L ST 3.5B DKLC R, and LS ST 3.5B DKLC L and LS ST 3.5B DKLC R, all with a length of 79 mm,

a width of 12.5 mm, and a thickness of 4.0 mm  (the "Accused Plates").

28.     For example, upon information and belief, a side-by-side comparison of the design covered by the '453 Patent and the below examples of the Accused Plates, shows that the Accused  Plates embody the design covered by the '453 Patent or a colorable imitation of that design.  Compare the following images, Figure 2 in the '453 Patent with the images of the Accused Plates taken from Exhibit E hereto:

**'453 Patent**                    **Examples of Accused Plates**



FIG. 2



Length: 63.5 mm
Width: 10.0 mm
Thickness: 3.5 mm



Code:
* L ST 3.5 L
* L ST 3.5 R



Length: 55mm
Width: 9.5 mm
Thickness: 3.5 mm



Code:
* L ST 3.5 Mini DKLC L
* L ST 3.5 Mini DKLC R

Code for Soft:
* LS ST 3.5 Mini DKLC L
* LS ST 3.5 Mini DKLC R



Length: 64 mm
Width: 10.0 mm
Thickness: 4.0 mm



Code:
* L ST 3.5 DKLC L
* L ST 3.5 DKLC R

Code for Soft:
* LS ST 3.5 DKLC L
* LS ST 3.5 DKLC R

29.     Upon information and belief, the Accused Plates embody a design that an ordinary observer, familiar with the prior art designs, would be deceived into believing is the same as the design protected by the '453 Patent, and therefor infringe the '453 Patent literally or under the doctrine of equivalents.

ME1 27828844v.2

30.     In addition, and upon information and belief and based on documents found on Defendants' website, at a minimum, VOI's plates offered under the following codes and depicted in Exhibit E hereto also infringe NGD's Trade Dress:  (a) L ST 3.5  L and L ST 3. 5 R, both with a length of 63.5 mm, a width of 10.0  mm, and a thickness of 3.5 mm; (b)  L ST 3.5 Jumbo L and L ST 3.5 Jumbo R, both with a length of 100 mm, a width of 16.5 mm, and a thickness of 4.0 mm; (c) L ST 3.5 Mini DKLC L and L ST 3.5 Mini DKLC R, and LS ST 3.5 Mini DKLC L and LS ST 3.5 Mini DKLC R, all  with a length of 55mm, a width of 9.5 mm, and a thickness of 3.5 mm; (d) L ST 3.5 Mini DKLC L and L ST 3.5 Mini DKLC R, and LS ST 3.5 Mini DKLC L and LS ST 3.5 Mini DKLC R, all with a length of 64 mm, a width of 10.0 mm, and a thickness of 4.0 mm; and (e) L ST 3.5B DKLC L and L ST 3.5B DKLC R, and LS ST 3.5B DKLC L and LS ST 3.5B DKLC R, all with a length of 79 mm, a width of 12.5 mm, and a thickness of 4.0 mm (the "Infringing Plates") because the Infringing Plates feature a design that is identical to NGD's TPLO Plates, namely, the Infringing Plates are metal plates having a body with a generally triangular head having an upper surface that extends from the body at approximately a 45 degree angle in some cases, and having an upper surface that extends from the body at approximately a 90 degree angle in another case, the body having elongated apertures positioned directly above and below the osteotomy site, and multiple round apertures positioned below the lower elongated aperture and longitudinally aligned on the body of the plate.

31.     Upon information and belief, the Infringing Plates embody a trade dress that is similar to NGD's Trade Dress such that there is a likelihood of confusion as to whether the Infringing Plates emanate from NGD or whether there is some affiliation or connection between NGD and VOI.

32.     VOI is, upon information and belief, using the designation "TPLO – New Jersey Style," as a reference to NGD in order to suggest an affiliation with NGD, or the use of NGD's Trade Dress, to identify its Accused Plates and Infringing Plates.

33.     Defendants' conduct constitutes breach of the Settlement Agreement and civil contempt in violation of an order of this Court, i.e., the Consent Permanent Injunction.

34.     Defendants' conduct constitutes new acts of infringement of the '453 Patent, infringement of NGD's Trade Dress and unfair competition under the Lanham Act.

35.     Upon information and belief, VOI is also contacting NGD's current customers in an effort to interfere with NGD's business relationships by offering to sell its inferior Infringing Plates at a lower price.

## COUNT ONE

## INFRINGEMENT OF THE '453 Patent
**(against VOI)**

36.     NGD repeats and realleges the allegations contained in each of the foregoing paragraphs of the Complaint as though fully set forth herein.

37.     Upon information and belief, VOI has infringed the '453 Patent by making, using, offering for sale, selling and/or importing into the United States products that infringe the '453 Patent either literally or under the doctrine of equivalents.

38.     Upon information and belief, VOI has infringed the '453 Patent by inducing others to infringe the patent and/or contributing to the patent's infringement by others.

39.     As a consequence of VOI's infringement of the '453 Patent, NGD has been damaged in an amount not yet determined.

40.     Upon information and belief, VOI's infringement of the '453 Patent will continue in the future, and NGD will continue to suffer damages as a consequence, unless VOI's

infringing acts are enjoined by this court.

41.     Upon information and belief, VOI's infringement of the '453 Patent has been, and continues to be, willful.

## COUNT TWO

## INFRINGEMENT OF THE '453 Patent
**(against Claude Gendreau)**

42.     NGD repeats and realleges the allegations contained in each of the foregoing paragraphs of the Complaint as though fully set forth herein.

43.     Upon information and belief, Mr. Gendreau as the incorporator, founder, owner and secretary of VOI is directly involved with infringing the '453 Patent by making, using, offering for sale, selling and/or importing into the United States products that infringe the '453 Patent either literally or under the doctrine of equivalents.

44.     Upon information and belief, Mr. Gendreau has infringed the '453 Patent by inducing VOI or others to infringe the patent and/or contributing to the patent's infringement by VOI or others.

45.     As a consequence of Mr. Gendreau's infringement of the '453 Patent, NGD has been damaged in an amount not yet determined.

46.     Upon information and belief, Mr. Gendreau's infringement of the '453 Patent will continue in the future, and NGD will continue to suffer damages as a consequence, unless Mr. Gendreau's infringing acts are enjoined by this court.

47.     Upon information and belief, Mr. Gendreau's infringement of the '453 Patent has been, and continues to be, willful.

ME1 27828844v.2

## COUNT THREE

### TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION
### (against VOI and Claude Gendreau)

48.     NGD repeats and realleges the allegations contained in each of the foregoing paragraphs of the Complaint as though fully set forth herein.

49.     Consumers recognize NGD's popular line of TPLO Plates and they have come to associate the distinctive Trade Dress with NGD.

50.     NGD has expended significant amounts to advertise and promote its TPLO Plates bearing the Trade Dress in each year since 2004 to present.

51.     NGD has enjoyed significant sales of its TPLO Plates in each year since 2004.

52.     As a result of NGD's efforts and extensive use, the Trade Dress has acquired secondary meaning.

53.     Upon information and belief, Defendants have intentionally copied the design of the TPLO Plates.  The Infringing Plates are confusingly similar to NGD's distinctive Trade Dress and are likely to cause confusion, mistake or deception, or to cause those encountering the Infringing Plates to mistakenly believe that the Infringing Plates emanate from or are in some manner sponsored or approved by or connected with NGD.

54.     The likelihood of consumer confusion based upon Defendants' sale of the Infringing Plates is further compounded by Defendants' wrongful use of the phrase "New Jersey Style" in connection with the Infringing Plates, which falsely suggests an association or affiliation with NGD, which is well-known within the industry as the creator of the TPLO Plates and the Trade Dress and is also located in New Jersey.

55.     In addition, both parties sell their products to veterinarians through the same channels of trade.

56.     Defendants' actions constitute a violation of NGD's exclusive right to use its Trade Dress in commerce, in violation of 15 U.S.C. §1125(a).

57.     Upon information and belief, Defendants' infringement of NGD's Trade Dress will continue in the future, and NGD will continue to suffer damages as a consequence, unless Defendants' infringing acts are enjoined by this court.

58.     Upon information and belief, Defendants' infringement of NGD's Trade Dress has been, and continues to be, willful.

## COUNT FOUR

### BREACH OF CONTRACT
### (against VOI and Claude Gendreau)

59.     NGD repeats and realleges the allegations contained in each of the foregoing paragraphs of the Complaint as though fully set forth herein.

60.     The Settlement Agreement between NGD and Defendants constitutes a valid and enforceable contract.

61.     Defendants willfully and wrongfully breached their obligations under the Settlement Agreement by using the designation "New Jersey Style."

62.     As a result of the Defendants' breach of contract, NGD has suffered actual damages in an amount to be determined at trial.

## COUNT FIVE

## (CIVIL CONTEMPT)
**(against VOI and Claude Gendreau)**

63.     NGD repeats and realleges the allegations contained in each of the foregoing paragraphs of the Complaint as though fully set forth herein.

64.     The Consent Permanent Injunction constitutes a valid order of this Court.

65.     Defendants, through their counsel, entered into the Consent Permanent Injunction and plainly had knowledge of the Consent Permanent Injunction and its terms.

66.     Upon information and belief, Defendants have violated the Consent Permanent Injunction by using the phrase "New Jersey Style," a reference to NGD, in connection with Defendants' Infringing Plates.

67.     NGD has been damaged by Defendants' contumacious conduct and willful violation of the Consent Permanent Injunction and will continue to be damaged by such wrongful conduct in the absence of an order of this Court finding Defendants in contempt of this Court's Consent Permanent Injunction.

## PRAYER FOR RELIEF

WHEREFORE, NGD respectfully requests that the Court enter judgment against Defendants:

a)  determining that Defendants have infringed the '453 Patent;

b)  determining that Defendants have infringed NGD's Trade Dress;

c)  permanently enjoining Mr. Gendreau and VOI, its officers, agents, servants, employees, attorneys and all those persons in active concert or participation with VOI or Mr. Gendreau who receive actual notice of the judgment, from further infringing the '453 Patent and/or NGD's Trade Dress;

13

d)   ordering Defendants to account for and pay to NGD all damages suffered by NGD as a consequence of the infringement of the '453 Patent and/or NGD's Trade Dress by VOI and Mr. Gendreau;

e)   awarding NGD pre-judgment and post-judgment interest on damages suffered by them as a consequence of the infringement of the '453 Patent and/or NGD's Trade Dress by VOI and Mr. Gendreau;

f)   trebling NGD's damages under 35 U.S.C. § 284 on the ground that the infringement of the '453 Patent and/or NGD's Trade Dress was deliberate and willful;

g)   finding that this is an exceptional case under 35 U.S.C. § 285 and awarding NGD its reasonable attorney fees;

h)   awarding NGD actual damages in connection with Defendants' breach of the Settlement Agreement;

i)   awarding NGD its reasonable attorneys' fees and costs, pursuant to the Settlement Agreement, incurred in connection with its efforts to enforce the Settlement Agreement;

j)   finding Defendants in contempt of Court;

k)   awarding NGD special damages as a result of Defendants contemptuous conduct;

14

l) awarding NGD its attorneys' fees and costs resulting from Defendants' conduct in contempt of the Consent Permanent Injunction, including NGD's attorneys' fees and costs incurred in bringing this proceeding; and

m) granting NGD such other and further relief as the Court may deem just and proper.

Dated: August 7, 2018                         Respectfully submitted,

                                              **McCARTER & ENGLISH, LLP**


                                              By: ___s/Michael R. Friscia_____
                                                   MICHAEL R. FRISCIA

                                              Four Gateway Center
                                              100 Mulberry Street
                                              Newark, New Jersey 07102
                                              Telephone:     (973) 622-4444
                                              Facsimile:     (973) 624-7070
                                              E-mail:mfriscia@mccarter.com

15

## DEMAND FOR JURY TRIAL

Plaintiff hereby affirms its demand for a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure and by the Local Rules of this Court.

Dated:  August 7, 2018

**McCARTER & ENGLISH LLP**

By:___s/Michael R. Friscia_____
      MICHAEL R. FRISCIA

Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone:     (973) 622-4444
Facsimile:      (973) 624-7070
E-mail:mfriscia@mccarter.com

Attorneys for Plaintiff
NEW GENERATION DEVICES, INC.

16

## <u>RULE 11.2 CERTIFICATION</u>

It is hereby certified to the best of the undersigned's knowledge that the matter in controversy in this action is not the subject of any other action pending in any other Court, or any pending arbitration or administrative proceeding.

Dated: August 7, 2018

**McCARTER & ENGLISH LLP**

By: ___s/Michael R. Friscia_____
        MICHAEL R. FRISCIA

Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone:      (973) 622-4444
Facsimile:      (973) 624-7070
E-mail:mfriscia@mccarter.com

Attorneys for Plaintiff
NEW GENERATION DEVICES, INC.

ME1 27828844v.2

# EXHIBIT A



US00D536453S

(12) **United States Design Patent**      (10) Patent No.:      **US D536,453 S**

Young et al.                              (45) Date of Patent:      **      Feb. 6, 2007**

(54)    **BONE PLATE**

(75)    Inventors: **Robert Allan Young**, Downingtown, PA (US); **Patrick Michel White**, West Chester, PA (US); **Michael Khowaylo**, Mahwah, NJ (US)

(73)    Assignee: **Precimed S.A.**, Orvin (CH)

(**)    Term:    **14 Years**

(21)    Appl. No.: **29/260,393**

(22)    Filed:    **May 25, 2006**

**Related U.S. Application Data**

(63)    Continuation of application No. 10/809,034, filed on Mar. 25, 2004.

(51)    LOC (8) Cl. .................................................. **24-03**
(52)    U.S. Cl. .................................................. **D24/155**
(58)    Field of Classification Search .............. D24/107, D24/155, 156, 157, 152; 606/60, 64, 69–72, 606/74, 76, 151, 71
       See application file for complete search history.

(56)                    **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3,659,595 | A | 5/1972 | Haboush |
| 3,716,050 | A | 2/1973 | Johnston |
| 4,408,601 | A | 10/1983 | Wenk |
| 5,002,544 | A | 3/1991 | Klaue et al. |
| 5,261,910 | A | 11/1993 | Warden et al. |
| 5,304,180 | A | 4/1994 | Slocum |
| 5,324,290 | A | 6/1994 | Zdeblick et al. |
| 5,364,399 | A | 11/1994 | Lowery et al. |
| 5,681,311 | A | 10/1997 | Foley et al. |
| 5,709,686 | A | 1/1998 | Talos et al. |
| 5,733,287 | A | 3/1998 | Tepic et al. |
| 5,741,258 | A | 4/1998 | Klaue et al. |
| 5,810,823 | A | 9/1998 | Klaue et al. |
| 5,851,207 | A | 12/1998 | Cesarone |
| 5,855,580 | A | * 1/1999 | Kreidler et al. ............... 606/71 |
| 5,968,047 | A | 10/1999 | Reed |
| 5,976,141 | A | 11/1999 | Haag et al. |

| | | | |
|---|---|---|---|
| 6,206,881 | B1 | 3/2001 | Frigg et al. |
| 6,309,393 | B1 | 10/2001 | Tepic et al. |
| D458,683 | S | * 6/2002 | Bryant et al. ............... D24/155 |
| D458,684 | S | * 6/2002 | Bryant et al. ............... D24/155 |

(Continued)

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| DE | 43 41 980 | 6/1995 |
| DE | 43 43 117 | 6/1995 |
| GB | 2064055 | * 6/1997 |
| WO | WO 00/53110 | 9/2000 |
| WO | WO 01/19267 | 3/2001 |
| WO | WO 01/54601 | 8/2001 |
| WO | WO 02/00127 | 1/2002 |

OTHER PUBLICATIONS

AXIS Fixation System by Sofamor Danek, published Feb. 1997, entire document.

*Primary Examiner*—Charles A. Rademaker
(74) *Attorney, Agent, or Firm*—John Moetteli; Moetteli & Associates

(57)                    **CLAIM**

The ornamental design for a bone plate, as shown and described.

**DESCRIPTION**

FIG. 1 is a top perspective view of a bone plate showing our new design;
FIG. 2 is a top plan view thereof;
FIG. 3 is a rear elevation thereof;
FIG. 4 is a front elevation thereof;
FIG. 5 is a left side elevation thereof;
FIG. 6 is a right side elevation thereof;
FIG. 7 is a top perspective view of a modified embodiment of the design shown in FIGS. 1 through 6;
FIG. 8 is a top plan view thereof;
FIG. 9 is a rear elevation thereof;
FIG. 10 is a front elevation thereof;
FIG. 11 is a left side elevation view thereof; and,
FIG. 12 is a right side elevation thereof.

**1 Claim, 4 Drawing Sheets**



## US D536,453 S
Page 2

### U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D458,996 S | * | 6/2002 | Bryant et al. | D24/155 |
| 6,406,478 B1 | | 6/2002 | Kuo | |
| D463,557 S | * | 9/2002 | Bryant et al. | D24/155 |
| D463,558 S | * | 9/2002 | Bryant et al. | D24/155 |
| D463,559 S | * | 9/2002 | Bryant et al. | D24/155 |
| D464,136 S | * | 10/2002 | Bryant et al. | D24/155 |
| D469,847 S | * | 2/2003 | Schroeder et al. | D23/213 |
| D469,875 S | * | 2/2003 | Bryant et al. | D24/155 |
| D470,588 S | * | 2/2003 | Bryant et al. | D24/155 |
| D479,331 S | * | 9/2003 | Pike et al. | D24/155 |
| D480,141 S | * | 9/2003 | Benirschke et al. | D24/155 |
| 6,623,486 B1 | | 9/2003 | Weaver et al. | |
| 6,890,335 B2 | * | 5/2005 | Grabowski et al. | 606/71 |

| | | | | |
|---|---|---|---|---|
| D520,637 S | * | 5/2006 | Kay et al. | D24/155 |
| 2001/0012940 A1 | * | 8/2001 | Tunc | 606/76 |
| 2002/0183752 A1 | | 12/2002 | Steiner et al. | |
| 2003/0040748 A1 | | 2/2003 | Aikins et al. | |
| 2003/0060827 A1 | * | 3/2003 | Coughlin | 606/70 |
| 2004/0127904 A1 | * | 7/2004 | Konieczynski et al. | 606/70 |
| 2004/0225291 A1 | * | 11/2004 | Schwammberger et al. | 606/71 |
| 2004/0267261 A1 | * | 12/2004 | Derouet | 606/70 |
| 2005/0021033 A1 | * | 1/2005 | Zeiler et al. | 606/70 |
| 2005/0027298 A1 | * | 2/2005 | Michelson | 606/71 |
| 2005/0149027 A1 | * | 7/2005 | Campbell et al. | 606/70 |
| 2005/0187554 A1 | * | 8/2005 | Micholson | 606/70 |
| 2006/0074420 A1 | * | 4/2006 | LeHuec et al. | 606/71 |

* cited by examiner



*FIG. 1*



*FIG. 2*



*FIG. 3*



*FIG. 4*



*FIG. 5*



*FIG. 6*



*FIG. 7*



*FIG. 8*

**U.S. Patent**     Feb. 6, 2007     Sheet 4 of 4     US D536,453 S



### FIG. 9



### FIG. 10



### FIG. 11



### FIG. 12

UNITED STATES PATENT AND TRADEMARK OFFICE
# CERTIFICATE OF CORRECTION

PATENT NO.            : Des. 536,453 S                                   Page 1 of 1
APPLICATION NO. : 29/260393
DATED                    : February 6, 2007
INVENTOR(S)        : Robert Allan Young, Patrick Michel White and Michael Khowaylo

It is certified that error appears in the above-identified patent and that said Letters Patent is
hereby corrected as shown below:

On the Title Page (73), change Assignee data to read:
Assignee: Precimed S.A., Orvin (CH) and New Generation Devices Inc., Glen Rock NJ
(US)

Signed and Sealed this

Twenty-second Day of May, 2007

JON W. DUDAS
*Director of the United States Patent and Trademark Office*

# EXHIBIT B

U.S. Patent No. D536,453
Additional Patents Pending

# Locking UCP Plate for TPLO

Licensed under U.S. Patent No. 5,304,180

The NGD UCP Plate, in clinical use since early 2004, was the FIRST to offer the *Locking Technology* option for the TPLO procedure. The UCP *Locking Technology* enhances the stability of the reconstruction and offers the potential for a better and more consistent clinical outcome.



- Bone plate design can easily and consistently accommodate the wide range of tibia size and shape conformation encountered in small, medium and large breed dogs.

- Superior quality alloy and production processes allow for smooth bending and twisting of the contoured implant.

- Proximal plate hole design simplifies screw insertion techniques.
    - Provides the surgeon added confidence in bicortical screw placement parallel to the tibial plateau.
    - Virtually eliminates concern of drill bit and screw encroachment of the joint space.
    - Avoids "catching" of the screw head on the proximal edge of the plate hole and eliminates bending or torque of the screw required during complete insertion.

- Screw hole design allows for locking screw and/or conventional screw fixation.

- Locking Plugs are available to maintain hole integrity during contouring.





**2.0mm Unity Cruciate Plates**

| Cat # | Description | Price |
|---|---|---|
| UCP2.0L | Unity Cruciate Plate 2.0 Left | $ 85.00 |
| UCP2.0R | Unity Cruciate Plate 2.0 Right | $ 85.00 |

**2.7mm Unity Cruciate Plates**

| Cat # | Description | Price |
|---|---|---|
| UCP2.7L | Unity Cruciate Plate 2.7 Left | $ 85.00 |
| UCP2.7R | Unity Cruciate Plate 2.7 Right | $ 85.00 |

**3.5mm Mini Unity Cruciate Plates**

| Cat # | Description | Price |
|---|---|---|
| UCPM3.5L | Mini Unity Cruciate Plate 3.5 Left | $ 85.00 |
| UCPM3.5R | Mini Unity Cruciate Plate 3.5 Right | $ 85.00 |

**3.5mm Unity Cruciate Plates**

| Cat # | Description | Price |
|---|---|---|
| UCP3.5L | Unity Cruciate Plate 3.5 Left | $ 80.00 |
| UCP3.5R | Unity Cruciate Plate 3.5 Right | $ 80.00 |

**3.5mm Broad Unity Cruciate Plates**

| Cat # | Description | Price |
|---|---|---|
| UCPB3.5L | Broad Unity Cruciate Plate 3.5 Left | $110.00 |
| UCPB3.5R | Broad Unity Cruciate Plate 3.5 Right | $110.00 |

**Locking Self Tapping Screws**

| Cat # | Description | Price |
|---|---|---|
| LSTCBS2.7 | 2.7 Locking Screws 10mm thru 34mm Lengths | $ 21.00 |
| LSTCBS3.5 | 3.5 Locking Screws 12mm thru 60mm Lengths | $ 21.00 |

**Locking Drill Guide**

| Cat # | Description | Price |
|---|---|---|
| LDG2.7 | 2.7 Locking Drill Guide | $ 69.00 |
| LDG3.5 | 3.5 Locking Drill Guide | $ 69.00 |

**NEW GENERATION DEVICES**
*Choice Without Compromise*
65 Harristown Rd.  Glen Rock, NJ  07452   800-797-8587  201-891-5615
www.newgenerationdevices.com

# EXHIBIT C

## SETTLEMENT AGREEMENT

This Agreement shall have an Effective Date of November 24, 2008, by and between NEW GENERATION DEVICES, INC., ("NGD") a New Jersey Corporation with its principal place of business at 65 Harristown Road, Glen Rock, New Jersey 07452, CLAUDE GENDREAU ("Gendreau") whose address is 495 Sherry Lane, Riverwoods, Illinois 60015, and VETERINARY ORTHOPEDIC IMPLANTS, INC. ("VOI"), an Illinois corporation with its principal place of business at 150 Dorset Street, South Burlington, Vermont 05403 (Gendreau and VOI collectively "Defendants").

## RECITALS

WHEREAS, NGD owns U.S. Patent No. D536,453 ("the '453 patent"), for the ornamental design for a bone plate;

WHEREAS, NGD claims trade dress rights in the design and appearance of its UCP plates, which consist of a metal plate having a body with a generally triangular head having an upper surface that extends from the body at approximately a 45 degree angle in some cases, and having an upper surface that extends from the body at approximately a 90 degree angle in another case, the body having elongated apertures positioned directly above and below the osteotomy site, and multiple round apertures positioned below the lower elongated aperture and longitudinally aligned on the body of the plate, resulting in a plate with a symmetrical appearance ("the Trade Dress");

WHEREAS, NGD filed a Complaint and an Amended Complaint against Defendants alleging design patent infringement and trade dress infringement;

WHEREAS, Defendants filed an Answer and an Amended Answer and Counterclaim alleging that the '453 patent and the Trade Dress were invalid for functionality;



WHEREAS, Defendants filed Motion for Summary Judgment that the '453 patent was invalid for functionality, and that the Trade Dress was invalid for functionality, and that there was no likelihood of confusion or unfair competition;

WHEREAS, NGD filed a Motion for Sanctions for alleged discovery abuses by Defendants; and

WHEREAS, in order to avoid the time and expense of further litigation, in compromise of the Civil Action, as that term is defined below, and with no party admitting liability or wrongdoing of any kind, the parties now desire, subject to the terms and conditions set forth herein, to settle and resolve, the Civil Action.

NOW, THEREFORE, in consideration of the mutual promises and undertakings contained herein, as well as other good and valuable consideration, the receipt and sufficiency of which are by acknowledged by the parties, the parties agree as follows:

1.    **DEFINITIONS**

1.1    "Civil Action" shall mean the action captioned *New Generation Devices, Inc. v. Veterinary Implants, Inc. and Claude Gendreau,* Civil Action No. 07-3197 (SRC), pending in the United States District Court for the District of New Jersey and all claims, causes of action, separate and affirmative defenses, demands, counterclaims, and crossclaims, of every kind and nature, arising from or related to the allegations therein, and which were or could have been asserted in the Civil Action, including, but not limited to, any demand for attorneys' fees or other claim, NGD's pending Motion for Sanctions Pursuant to Fed. R. Civ. P. 37, and Defendants' pending Motion for Summary Judgment.



1.2    "Enjoined Plates" shall mean the TPLO plates identified in the VOI Product Catalog at page 5.4 as 3.5mm N 3.5 K; 3.5mm N 3.5 KLC; and 3.5mm Broad N 3.5B K  A copy of catalog page 5.4 is attached hereto as Exhibit A.

## 2.    TERMS AND CONDITIONS

2.1    Defendants shall cease all manufacture, distribution, marketing and sale of the Enjoined Plates, subject to the provisions of Section 2.9 below.

2.2    Defendants shall remove all depictions of the Enjoined Plates from their marketing materials and shall cease all reference and use of the phrase "N Style" and the designation "N" in connection with any of its products, and will refrain from use of any similar designations that suggest an affiliation with NGD, in any material, including, but not limited to, on or in Defendants' website, catalog, sales and advertising materials, trade exhibits and clinical evaluations, clinical papers, and white papers.



2.6    The parties shall enter into a Consent Permanent Injunction, in the form attached hereto as Exhibit B, prohibiting Defendants from the sale of the Enjoined Plates and dismissing the Civil Action with prejudice and with each party bearing its own costs (the "Consent Permanent Injunction").

2.7    Nothing in this Settlement Agreement shall be interpreted as implied or express consent, acquiescence, or authorization from NGD to Defendants concerning any other products made, used or sold by Defendants which are not specifically addressed by this Agreement.

2.10   In the event that a dispute arises concerning this Settlement Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs incurred in connection with the prevailing party's efforts to enforce this Settlement Agreement.

4


REDACTED

ME1 8058244v.3
ME1 8110278v.1



ME1 8058244v.3
ME1 8110278v.1

REDACTED

5. **MISCELLANEOUS**

5.5      This Agreement shall be construed in accordance with, and be governed by, the laws of the State of New Jersey without regard to its conflicts of laws principles.  The parties irrevocably submit to the personal and subject matter jurisdiction of the United States District Court for the District of New Jersey, and agree to commence (or transfer) any legal proceedings between the parties or relating to this Agreement or its subject matter in the United States District Court for the District of New Jersey and in no other location.

7



/////

/////

/////

/////

/////

/////

/////

ME1 8058244v.3
ME1 8110278v.1

8

REDACTED

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed in duplicate and signed by their authorized representatives.

**Veterinary Orthopedic Implants, Inc.**

By: _____

Name:  Patrick Gendreau

Title:   President

Date: _____

**Claude Gendreau, DVM**

By: _____
      Claude Gendreau

Date: _____

**New Generation Devices, Inc.**

By: _____

Name:  Michael Khowaylo

Title:   President

Date:   2-12-09.



MEI 8058244v.3
MEI 8110278v.1

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed in duplicate and signed by their authorized representatives.

**Veterinary Orthopedic Implants, Inc.**          **New Generation Devices, Inc.**

By: _____ *Feb 6, 2009*   By: _____

Name:  Patrick Gendreau                          Name:  Michael Khowaylo

Title:   President                               Title:   President

Date: _____                 Date: _____

**Claude Gendreau, DVM**

By: _____
      Claude Gendreau

Date: _____



ME1 8058244v.3
ME1 8110278v.1

# EXHIBIT D

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07101-0652
Tel:   (973) 6224444
Fax:   (973) 624-7070
Attorneys for Plaintiff
New Generation Devices, Inc.

C L

Arianna Frankl
OSTROW KAUFMAN & FRANKL LLP
afrankl@okfllp.com
405 Lexington Avenue
New York, NY 10174
(t) 212-698-6200
(f) 914-931-1730
Attorneys for Defendants
Veterinary Orthopedic Implants, Inc.
 and Claude Gendreau

David P. Cooper (admitted *pro hac vice*)
E-mail: cooper@khpatent.com
Shawn J. Kolitch (admitted *pro hac vice*)
E-mail: shawn@khpatent.com
KOLISCH HARTWELL, P.C.
520 S.W. Yamhill Street, Suite 200
Portland, Oregon 97204
Tel: (503) 224-6655
Fax: (503) 295-6679
Attorneys for Defendants
Veterinary Orthopedic Implants, Inc.
 and Claude Gendreau

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW GENERATION DEVICES, INC.<br><br>Plaintiff,<br><br>v.<br><br>VETERINARY ORTHOPEDIC IMPLANTS, INC., a corporation, and CLAUDE GENDREAU, an individual,<br><br>Defendants. | Civil Action No.: 07-3197 (SRC) (MAS)<br><br>CONSENT PERMANENT INJUNCTION |

ME1 8226915v.1

THIS MATTER, being opened to the Court by McCarter & English, LLP, attorneys for plaintiff New Generation Devices, Inc. ("NGD"), by and with the consent of defendants Veterinary Orthopedic Implants, Inc. ("VOI") and Claude Gendreau, and the parties having resolved their dispute pursuant to a Confidential Settlement Agreement.

IT IS on this 9ᵗʰ day of MARCH, 2009,

ORDERED that:

1.      As of January 1, 2009, defendants are hereby enjoined from selling the TPLO plates identified in the VOI Product Catalog, page 5.4, as 3.5mm N 3.5 K; 3.5mm N 3.5 KLC; and 3.5mm Broad N 3.5B K (the "Enjoined Plates").  A copy of page 5.4 of the VOI Product Catalog is attached hereto as Exhibit A.

2.      Defendants shall remove all depictions of the Enjoined Plates from their marketing materials and shall cease all reference and use of the phrase "N Style" and the designation "N" in connection with any of its products, and will refrain from use of any similar designations that suggest an affiliation with NGD, in any material, including, but not limited to, on or in Defendants' website, catalog, sales and advertising materials, trade exhibits and clinical evaluations, clinical papers, and white papers.

3.      Nothing in this Consent Permanent Injunction shall be interpreted as implied or express consent, acquiescence, or authorization from NGD to Defendants concerning any other products made, used or sold by Defendants which are not specifically addressed by this Agreement.

ME1 8226915v.1

4.       NGD shall have the right to enforce against defendants, any other

patent rights that NGD may obtain in the future.

5.       The Amended Complaint, Amended Answer and Counterclaims,

Motion for Sanctions, and Motion for Summary Judgment are dismissed with

prejudice.

Hon. Stanley Chesler
UNITED STATES DISTRICT JUDGE

We hereby agree to the form and entry
of this Order:

McCARTER & ENGLISH, LLP
Attorneys for Plaintiff
 New Generation Devices, inc.


By: s/ Michael R. Friscia
          Michael R. Friscia
          A Member of the Firm

Date:  March 6, 2009


OSTROW KAUFMAN & FRANKL LLP
Attorneys for Defendants
Veterinary Orthopedic Implants, Inc. and Claude Gendreau


By: s/ Arianna Frankl
          Arianna Frankl


    Date:  March 6, 2009

ME1 8226915v.1

# EXHIBIT E



Our Products      News      New Customers      Order Online      About Us      Testimonials      Contact      🔍

## Complete 2017 Catalog

**DOWNLOAD CATALOG**

VOI offers an extensive product line including Star Locking Head screws and titanium bone plates. In order to better serve our customers, we provide the entire VOI Product Catalog in .PDF format on our website. Moreover, if you know which category your desired product is in, you can simply view the individual .PDF files below as it has been divided into sections for your convenience.

If you have any questions please do not hesitate to call us at 1-904-436-6540.

## Power Equipment and Repair Services

## VOI Implants & Instruments

Case 2:18-cv-12507-MCA-SCM   Document 1   Filed 08/07/18   Page 46 of 52 PageID: 46





DeSoutter, Aesculap, Stryker, V.O.I. Power and Repair Services

Screws, Plates, Trays, Kits, Anchors, Washers and Instruments

DOWNLOAD SECTION

DOWNLOAD SECTION

## Swiss Implants & Instruments

## Special Situation





Screws, Plates, Trays, Kits, Anchors, Washers and Instruments

Arthrodesis Plates, Distal Femur Plates, Limb Salvage, T Plates, TPO, and Pearl System

## Pins & Accessories

## Suture and Accessories





K Wire, IM Pins, Toggle Pins, Fixation and Wire and Pin
Accessories

Suture, Glue, Staples – Now Available

## TPLO Plates

## TTA





Case 2:18-cv-12507-MCA-SCM   Document 1   Filed 08/07/18   Page 48 of 52 PageID: 48

Locking and Non-locking TPLO Plates of Various Styles and Sizes

Titanium and Stainless TTA Implants: Plates, Forks, Screws and Instruments

## Titanium Implants ⸺



Titanium plates and screws

## Double Threaded Plates and Screws ⸺




Double threaded plates, star and hex head cortical, locking and cancellous screws, instruments

## New Jersey Style Implants ⸺

## CBLO ⸺



 

New Jersey style plates, screws and instruments

Instrumentation and implants for the CORA – Based Leveling Osteotomy

## gSource and Miltex Instruments ───────

## Burs and Sagittal Blades ───────





gSource, Miltex Instruments

Sagittal Blades and Burs

LATEST NEWS

Now Open in Japan

Now Open in France

V.O.I. Now Open in Canada

SHOWS AND LABS

Principals of Fracture Repair – Oquendo Center Las Vegas Sept. 15-17th

POWER REPAIR AND RETURNS

Power Repairs

Return Policy

CONTACT US

**Phone:** 1-(904)-436-6540
**Fax:** 1-(904)-436-6546
**Email:** sales@vetimplants.com

Copyright 2017 Vet Implants | All Rights Reserved

# TPLO - New Jersey Style

**\* = *Locking Holes - Non-locking screws can be used***
Please specify left or right when ordering TPLO plates

Ruler (mm)

0    10    20    30    40    50    60    70    80

Right side shown



Length: 38 mm
Width: 6.4 mm
Thickness: 2.4 mm

**Code:**
\* L ST 2.4 DKLC
\* L ST 2.4 DKLC

**Features:**
Locking, soft
low contact

**Price:**
$70.00
$70.00



Length: 42 mm
Width: 8.2 mm
Thickness: 3.0 mm

**Code:**
\* L ST 2.7 L
\* L ST 2.7 R

**Features:**
Locking, soft
flat

**Price:**
$70.00
$70.00



Length: 57.5 mm
Width: 8.5 mm
Thickness: 4.0 mm

**Code:**
\* L ST 3.5 Mini L
\* L ST 3.5 Mini R

**Features:**
Locking, soft
prebent
low contact

**Price:**
$80.00
$80.00



Length: 63.5 mm
Width: 10.0 mm
Thickness: 3.5 mm

**Code:**
\* L ST 3.5 L
\* L ST 3.5 R

**Features:**
Locking, soft
prebent
low contact

**Price:**
$70.00
$70.00



Length: 78 mm
Width: 12.5 mm
Thickness: 4.0 mm

**Code:**
\* L ST 3.5 Broad L
\* L ST 3.5 Broad R

**Features:**
Locking, soft
prebent
low contact

**Price:**
$90.00
$90.00



Length: 79 mm
Width: 12.5 mm
Thickness: 4.0 mm

**Code:**
\* L ST 3.5 Broad F L
\* L ST 3.5 Broad F R

**Features:**
Locking, soft
flat
low contact

**Price:**
$90.00
$90.00

# TPLO - New Jersey Style

*** = Locking Holes - Non-locking screws can be used**
Please specify left or right when ordering TPLO plates

Ruler (mm)

0    10    20    30    40    50    60    70    80    90    100

Right side shown



| Code: | Features: | Price: |
|---|---|---|
| * L ST 3.5 Jumbo L | Locking, soft | $150.00 |
| * L ST 3.5 Jumbo R | prebent | $150.00 |
| | low contact | |

Length: 100 mm
Width: 16.5 mm
Thickness: 4.0 mm



| Code: | Features: | Price: |
|---|---|---|
| * L ST 3.5 Mini DKLC L | Locking, hard | $80.00 |
| * L ST 3.5 Mini DKLC R | low contact | $80.00 |
| | flat | |

Length: 55mm
Width: 9.5 mm
Thickness: 3.5 mm

| Code for Soft: | Features: | Price: |
|---|---|---|
| * LS ST 3.5 Mini DKLC L | Locking, soft | $80.00 |
| * LS ST 3.5 Mini DKLC R | low contact | $80.00 |
| | flat | |



| Code: | Features: | Price: |
|---|---|---|
| * L ST 3.5 DKLC L | Locking, hard | $70.00 |
| * L ST 3.5 DKLC R | low contact | $70.00 |
| | flat | |

Length: 64 mm
Width: 10.0 mm
Thickness: 4.0 mm

| Code for Soft: | Features: | Price: |
|---|---|---|
| * LS ST 3.5 DKLC L | Locking, soft | $70.00 |
| * LS ST 3.5 DKLC R | low contact | $70.00 |
| | flat | |



| Code: | Features: | Price: |
|---|---|---|
| * L ST 3.5B DKLC L | Locking, hard | $90.00 |
| * L ST 3.5B DKLC R | low contact | $90.00 |
| | flat | |

Length: 79 mm
Width: 12.5mm
Thickness: 4.0 mm

| Code for Soft: | Features: | Price: |
|---|---|---|
| * LS ST 3.5B DKLC L | Locking, soft | $90.00 |
| * LS ST 3.5B DKLC R | low contact | $90.00 |
| | flat | |